(December 13, 1897.)

## BROWN v. COLLISTER.

[51 Pac. 417.]

MANDAMUS—BOARD OF MEDICAL EXAMINERS—ACT CREATING VOID.—
Plaintiff applied for writ of mandate to compel the defendants, as
the state board of medical examiners, to grant him a license to
practice medicine.   It appeared affirmatively from the journals
of the legislature that the act creating said board was not read
section by section, in the Senate, on final passage, as required, by
the constitution.   *Held*, that the act creating said board is void;
that the said board has no authority to grant license, and that the
plaintiff is not entitled to the writ demanded.
(Syllabus by the court.)

Original proceeding in Supreme Court.

James W. Reid, for Plaintiff, files no brief.

R. E. McFarland, Attorney General, and S. L. McFarland,
for Defendant.

Plaintiff, by his petition, asks this court to grant him a writ
of mandate requiring the state board of medical examiners of
this state, appointed under the provisions of an act entitled
"An act to regulate the practice of medicine and surgery, and
the itinerant vending of drugs, nostrums, ointments, appli-
ances, or other remedies within the state of Idaho; and provid-
ing penalties for the violation of this act," approved March 12,
1897, to issue a license permitting him to practice medicine and
surgery in this state.   He alleges in his petition that the act
above-mentioned and under which he seeks a remedy "is con-
trary to the constitution of the United States, and beyond the

power of the legislature to enact, and is null and void in so far as it pertains to practicing physicians holding license under the laws existing in the state of Idaho prior thereto"; "that it seeks to take away from the citizens of Idaho their property without due process of law; that it attempts to take away a license to practice medicine duly granted by the state of Idaho, and contravenes the vested rights of affiant." It is a well-settled principle of law that if a person seeks the benefit of an act, he must accept its conditions and will not be heard to say that it is unconstitutional. (*Illinois Bldg. etc. Assn. v. Walker,* 42 S. W. 191.) If the law is unconstitutional, plaintiff is not entitled to the writ for the reason; that he is not affected by the act in any manner; he can receive no injury therefrom, nor is he entitled to any benefits thereunder. Plaintiff is not entitled to the writ for the reason that he has a plain, speedy and adequate legal remedy. (Laws 1897, p. 105, sec. 11; *State ex rel. Narcross v. Board of Medical Examiners,* 10 Mont. 162, 25 Pac. 440.) Plaintiff sues as a private person and thus seeks to enforce a private right by attacking the constitutionality of an act of the legislature. Such is not the office of *mandamus,* nor will it lie in such cases (*Wright v. Kelly,* 4 Idaho, 624, 43 Pac. 565; *People v. Supervisors,* 20 Cal. 591; *Smith v. Titcomb,* 31 Me. 272.) Plaintiff had no rights which are sought to be abridged; if the law is held to be retroactive in character, it is nevertheless constitutional and is within the power of the legislature to enact. (*Harzell v. Warren,* 11 Ohio C. C. 269; *State v. St. Louis Co. Court,* 34 Mo. 346; *State v. County Court,* 128 Mo. 427, 30 S. W. 103, 31 S. W. 23; *State v. Dickerman,* 16 Mont. 278, 40 Pac. 698; *Ex parte Pollard,* 40 Ala. 92; *Oriental Bank v. Freese,* 18 Me. 109, 36 Am. Dec. 101; *Satterlee v. Mattewson,* 2 Pet. 152.) The constitutionality of the act in question is sustained by the following authorities: *People v. Hasbrouck,* 11 Utah, 291, 39 Pac. 918; *Harding v. People,* 10 Colo. 387, 15 Pac. 727; *Gee Wo v. State,* 36 Neb. 241, 54 N. W. 513; *State v. Carey,* 4 Wash. 424, 30 Pac. 729; *Fox v. Territory,* 2 Wash. Ter. 297, 5 Pac. 603; *State v. State Med. Exam. Board,* 32 Minn. 324, 50 Am. Rep. 575, 20 N. W. 238; *State v. Vandersluis,* 42 Minn. 129, 43 N. W. 789; *Wert*

*v. Clutter,* 37 Ohio St. 347; *State v. Randolph,* 23 Or. 74, 37 Am. St. Rep. 655, 31 Pac. 201.

QUARLES, J.—The defendants compose the state board of medical examiners, appointed under the act of March 12, 1897. The plaintiff commenced this action to compel the said defendants, by *mandamus,* to show cause why plaintiff should not be permitted and licensed to practice medicine. It appears from the petition and supplemental petition that the plaintiff became a citizen of Nez Perces county, Idaho, on the second day of October, 1896, and did then present to the auditor and recorder of said county two original diplomas theretofore issued to him by regularly chartered medical schools (one from the British School and Eclectic Medicine of London, England, and the other from the American Health College of Cincinnati) ; that he then filed with said recorder copies of said diplomas, as required by sections 1298 and 1298e, inclusive, of the Revised Statutes, and paid said recorder one dollar and twenty-five cents, the fee therefor; that said diplomas certified his graduation as a doctor of medicine, etc., and that he filed with said recorder his affidavit showing that he was the identical person named in said diplomas; that he thereupon entered upon the practice of medicine in Nez Perces county; that under the provisions of said act of March 12, 1897, he applied to the defendants for a license to continue the practice of medicine, presented his said diplomas, and tendered the fee for said license, five dollars and twenty-five cents; that his said application was refused, and the said defendants, as said state board of medical examiners, notified plaintiff that his said application was refused upon the following grounds: "Neither of the colleges from which you submit diplomas are recognized by this board as of a character to satisfy the requirements of the intent or provisions of either act." The petition then attacks the said act of March 12, 1897, as contrary to the federal constitution, and on the further ground that it was not passed in the mode required by the constitution of the state of Idaho. The plaintiff filed with his petition, as a part thereof, a transcript of the journals of both Houses of the legislature relating to the passage of said act, duly certified by the Secretary of State to

be a full, true, and complete transcript of the Senate and House journal entries relating to said act. The defendants demurred to the petition on the ground of insufficiency, and on the ground that this court has no jurisdiction of the persons of the defendants, or of the subject matter of the action.

The demurrer and the arguments thereon raise a number of questions. The first and most serious question raised by the demurrer is the validity of the said act commonly known as the "Medical Bill," or "Senate Bill No. 69." It necessarily results that, if said act is invalid, there is, in law, no state medical board in Idaho, and that no license can be issued by the defendants as such board. It affirmatively appears from the Senate journal that said act passed the Senate under a suspension of section 15, article 3, of the constitution, and that the three readings were had by reading the title only. The entries in the Senate journal which refer to the readings of said bill in that House are as follows: February 10th: "Read the first time by title, under suspension of section 15, article 3, of the constitution, and Senate rules, by unanimous consent." March 1st: "Read the second time by title, under suspension of section 15, article 3, of the constitution, and Senate rules, by unanimous consent." March 4th: "Senate bill No. 69 was read the third time, under suspension of section 15, article 3, of the constitution, and Senate rules, by unanimous consent." While the last entry in the said journal does not say, in express words, how said third reading occurred, yet, from the fact that the Senate assumed to suspend that provision of the constitution requiring the reading of the bill in full, the only reasonable inference from said journal entry is that the third reading was by title. The constitution expressly declares that on final passage the bill must be "read section by section." And while the House in which the bill is pending may, "in case of urgency, . . . . upon a vote of the yeas and nays," dispense with the first two readings in full, yet, "on the final passage, of all bills they shall be read at length section by section," and no bill can become a law unless it was so read on final passage. The legislature has no power to dispense with the final reading, section by section. The bill in question did not pass the Senate in the manner expressly commanded by the constitution. The act in

question cannot be held valid without nullifying the provisions of section 15, article 3, of the constitution. It is the duty of this court, under the provisions of the constitution, to hold the act in question void, for the reason that it was not constitutionally passed. It is unnecessary to pass the other questions raised. The act in question being void, the defendants have no authority, as a board or otherwise, to grant a license to practice medicine. A peremptory writ of mandate should be refused the plaintiff, and judgment will be entered accordingly, without costs to either party.

Sullivan, C. J., and Huston, J., concur.